

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

Bruce R. Hegyi
*Assistant United States Attorney*

Criminal Division
Federal Major Crimes Section

555 Fourth St. N.W.
Room 4848
Washington, D.C. 20530
(202) 305-9637
(202) 353-9414 (fax)

**06-405-M-01**

July 25, 2006

District Yacht Club
c/o Joseph Lukaesko, Commodore
1409 Water Street, Southeast
Washington, D.C. 20003

**FILED**

**SEP 2 1 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   United States v. District Yacht Club

Dear Mr. Lukaesko:

    This letter sets forth the plea agreement that the United States Attorneys Office for the District of Columbia and the Office and the Environmental Crimes Section of the United States Department of Justice is willing to enter into with **the District Yacht Club**. The offer expires on August 1, 2006. If the District Yacht Club accepts the terms and conditions of this offer, please execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the Plea Agreement. The terms of the Agreement are as follows:

    1. **Charges**. The District Yacht Club (hereinafter "DYC" or "Defendant") agrees to enter a plea of guilty to a criminal Information, to be filed in the United States District Court for the District of Columbia, a copy of which is attached hereto, in which the DYC is charged with violating the Rivers and Harbors Act, 33 U.S.C. § 407. The DYC agrees and will acknowledge at the time of its plea of guilty that, pursuant to Section 1B1.3 of the United States Sentencing Guidelines ("USSG"), in addition to the actual offense of conviction, the DYC is accountable for the relevant conduct generally described in the Factual Proffer attached to this letter. The DYC has read, and admits the truth of, the facts set forth in the Factual Proffer.

    2. **Potential penalties, assessments, and restitution**. The DYC understands that, pursuant to Title 33, United States Code, Sections 407 and 411, and Title 18, United States Code, Sections 3571(c)(5), 3571(d) and 3561, the DYC's violation of the Rivers and Harbors Act carries a maximum statutory penalty of (a) a period of probation of not more than five years, (b) a fine of not more than the greatest of (i) $200,000, or (ii) twice the gross loss suffered by victims of the offense, (c) twice the gross gain to the DYC, and (d) $25,000 per day of violation. In

addition to being aware of these potential maximum penalties, the DYC agrees to pay a special assessment of $25 to the Clerk of the Court, United States Courthouse, prior to the date of sentencing. *See* 18 U.S.C. § 3013(a)(2)(B).

3. **Waiver of constitutional and statutory rights**. The DYC understands that by pleading guilty in this case, it agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, the DYC would have the right to be represented by counsel, to confront and cross-examine witnesses against it, to compel witnesses to appear to testify and present other evidence on its behalf. The DYC would further have the right to have the jury instructed that the DYC is presumed innocent until proven guilty, and that the burden would be on the United States to prove the DYC's guilt beyond a reasonable doubt. If the DYC were found guilty after a trial, it would have the right to appeal the conviction.

4. **Fine.** The DYC and the United States agree and stipulate that a fine in the amount of Ten Thousand and No/100 Dollars ($10,000.00) is appropriate in this case. However, the DYC understands that the sentence in this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 *et seq.*, and the United States Sentencing Guidelines, as further described below.

5. **Sentencing Guidelines**. The DYC understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). The DYC understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight, that provide guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

The DYC understands and agrees that it will not be allowed to withdraw the guilty plea entered pursuant to this Plea Agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Plea Agreement.

6. **Restitution.** In addition to the fine set forth in Paragraph 4, above, the parties agree and stipulate that restitution in the amount of Ten Thousand and No/100 Dollars ($10,000.00) is appropriate in this case. The DYC agrees to make restitution in the amount of Ten Thousand and No/100 Dollars ($10,000.00) pursuant to USSG § 8B1.1. DYC and the Government agree that the restitution agreed to in this Plea Agreement shall be imposed in the manner described below, and that the payment will be made on the day of sentencing.

The restitution payment will be made to the National Park Foundation ("NPF"), which is a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 19c-19o.[1] DYC further agrees that it will not seek any reduction in its tax obligations as a result of this restitution payment.

The payment to the NPF shall be used specifically to fund projects designed to preserve and protect the historical, cultural, natural and marine resources, including buildings and other facilities, located at or adjacent to the property leased by the National Park Service to the DYC, to wit - 1409 Water Street, S.E., Washington, D.C. 20003. Expenditures using funds received pursuant to this plea agreement shall be subject to review and audit by the National Park Service.

7. **Organizational Probation**. The DYC and the Government agree that the DYC should be placed on "organizational probation" for a period of three years pursuant to 18 U.S.C. § 3561(c)(1) and consistent with USSG §§ 8D1.1 and 8D1.2. Moreover, in addition to any other sentence or conditions the Court deems appropriate, DYC and the Government agree that the following special conditions of probation should be imposed:

(a) No Further Violations. DYC agrees that it shall commit no further violations of federal, state or local law, and shall fully comply with all provisions of the permits issued to the DYC by the Army Corp of Engineers;

(b) Payments. Payment in full of the monetary amounts set forth herein including all special assessments, fines and restitution;

(c) Environmental Compliance Plan. The DYC agrees to develop, adopt, implement and fund a comprehensive Environmental Compliance Plan ("ECP") during its term of probation, consistent with the sentencing policies set forth in USSG § 8D1.4. At a minimum, the ECP shall include the designation of a responsible corporate officer to ensure compliance with all laws, regulations and permit conditions and the retainment of an outside environmental consultant. The EPC shall be subject to the review and approval of the National Park Service;

(d) "Clean Marina" Program. The DYC will satisfy all of the pre-requisites for membership, and will become a member of (and will maintain its membership in), the "Clean Marina" Program of the National Park Service and operate in accordance with all of its conditions; and

---

[1] The NPF was established to encourage "private gifts of real and personal property" for the benefit of the National Park Service in order "to further the conservation of natural, scenic, historic, scientific, educational, inspirational, or recreational resources for future generations of Americans." 16 U.S.C. Section 19e. The NPF is empowered to "do any and all lawful acts necessary or appropriate to its purposes," including acceptance and administration of any "gifts, devises, or bequests." *Id.* §§ 19g, 19j.

3

(e) <u>Expulsion/Exclusion of John Argiropoulos</u>. Within thirty (30) days following the date of sentencing herein, the DYC will serve upon Mr. John Argiropoulos ("Mr. Argiropoulos") a notice that Argiropoulos has been expelled from the DYC and that he is forever barred from any future membership in the DYC.

8. **Reservation of allocution.** Except to the extent specifically limited herein, the DYC understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of the DYC's misconduct, including misconduct not described in the charge to which the DYC is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Plea Agreement.

The DYC also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter. The United States reserves the right to appeal the sentence in this case. In addition, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on any sentencing issues.

9. **Prosecution by other agencies/jurisdictions**. This Agreement only binds the United States Attorney's Office for the District of Columbia and the Environmental Crimes Section of the United States Department of Justice. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Immigration and Naturalization Service of the Department of Justice; or any state or local prosecutor. These individuals, and agencies remain free to prosecute the DYC for any offense(s) committed within their respective jurisdictions.

10. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the DYC, an Assistant United States Attorney for the District of Columbia, and an attorney with the Environmental Crimes Section of the Department of Justice, or made by the parties on the record before the Court.

11. **Corporate Authorization.** The undersigned corporate officer or representative of the DYC hereby certifies that he is authorized by the defendant corporation to act on its behalf, to plead guilty to the charge alleged in the Information substantially similar to that attached hereto, and to enter into this Plea Agreement (and each of the terms and provisions herein), and that a corporate resolution so empowering said officer or representative has been duly made and

approved by said corporation.

      13.    **_Pro Se_ Attestation**.  DYC hereby attests that it has elected to proceed *pro se* in this matter and that its election is a knowing, voluntary, and intelligent one.  At various times in the investigation leading to this Plea Agreement, DYC has been represented by an attorney of its own choosing.  Currently, DYC has at its disposal the services of another attorney, with whom it consults on various issues.  The Government has recommended to the DYC that it be represented by counsel in this matter, but the Government recognizes DYC's right to proceed *pro se*.

      If the DYC agrees to the conditions set forth in this letter, you, as its authorized representative, should sign the original in the spaces provided below, initial every page of this agreement, and return the executed Plea Agreement to me.  The original of this Plea Agreement will be filed with the Court.

      Sincerely,

*[signature]*
KENNETH L. WAINSTEIN (D.C. Bar # 451058)
United States Attorney

*[signature]*
BRUCE R. HEGYI (D.C. Bar #422741)
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 4848
Washington, D.C. 20530
(202) 305-9637
www.bruce.hegyi@usdoj.gov

Noreen McCarthy
Trial Attorney
U.S. Department of Justice
Environmental Crimes Section

Attachments (Information & Factual Proffer)

DEFENDANT'S ACCEPTANCE OF GUILTY PLEA AGREEMENT

    I am the Commodore of the District Yacht Club, a member of the Board of Directors for the District Yacht Club, and I am duly authorized by the District Yacht Club to execute this Plea Agreement for and on behalf of the District Yacht Club. The District Yacht Club and I have read this Plea Agreement and carefully reviewed every part of it. We fully understand this Plea Agreement and voluntarily agree to it. No threats have been made to the DYC or me. No agreements, promises, understandings, and/or representations have been made with, to, or for the DYC and/or me other than those set forth above. .

DISTRICT YACHT CLUB

Date: August 1, 2006

By: JOSEPH LUKAESKO
Commodore of the District Yacht Club